IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  Case No. 1:20cr10-AW/GRJ-2

ELBORIC QUADARIUS ROBINSON
  a/k/a "Bo"
  a/k/a "Bo 4K"
  a/k/a "Bo Dilly"
_____/

## STATEMENT OF FACTS

The Defendant admits that, if this case were to proceed to trial, the Government could prove the following facts beyond a reasonable doubt.

**Introduction**

In the course of its investigation, the Government applied for and was granted more than two dozen search warrants, including tracking warrants and warrants for electronically stored information, authorization for more than two dozen pen-register/trap-and-trace devices, several 2703(d) orders, and six Title III wiretap orders.

On February 22, 2020, the Honorable Allen C. Winsor, United States District Judge, in Northern District of Florida case number 1:20mc13-AW/GRJ, authorized the interception of wire and electronic communications occurring to and

from (407) 714-7318 (TARGET TELEPHONE #1), whose primary user was Roddrae Williams. The interception began on February 24, 2020 and terminated on March 24, 2020.

On March 17, 2020, the Honorable Allen C. Winsor, United States District Judge, in Northern District of Florida case number 1:20mc24-AW/GRJ, authorized the interception of wire and electronic communications occurring to and from (347) 640-0270 (TARGET TELEPHONE #2), whose primary user was Roddrae Williams. The interception began on March 18, 2020 and terminated on April 13, 2020.

On April 3, 2020, the Honorable Allen C. Winsor, United States District Judge, in Northern District of Florida case number 1:20mc30-AW/GRJ, authorized the interception of wire and electronic communications occurring to and from (352) 231-4729 (TARGET TELEPHONE #3), whose primary user was Decoda King. An amended order was signed on April 6, 2020. The interception began on April 6, 2020. On May 5, 2020, the Court signed an order authorizing the continued interception of communications over TARGET TELEPHONE #3 for an additional 30 days. Interception terminated on May 20, 2020.

On April 8, 2020, the Honorable Allen C. Winsor, United States District Judge, in Northern District of Florida case number 1:20mc31-AW/GRJ, authorized

the interception of wire and electronic communications occurring to and from (407) 714-7318 (TARGET TELEPHONE #1) and (505) 373-7957 (TARGET TELEPHONE #4), whose primary user was Roddrae Williams. The interception began on April 9, 2020. On April 26, 2020, Roddrae Williams obtained a new telephone number for the device assigned TARGET TELEPHONE #1 (same IMEI number but a new telephone number). A roll-over provision in the Court's order authorized the interception of wire and electronic communications occurring over this new telephone number, (850) 502-3756 (TARGET TELEPHONE #5). The interception of TARGET TELEPHONE #5 began on April 26, 2020. Interception of TARGET TELEPHONE #4 terminated on May 5, 2020.

On May 8, 2020, the Honorable Allen C. Winsor, United States District Judge, in Northern District of Florida case number 1:20mc39-AW/GRJ, authorized the continued interception of wire and electronic communications occurring to and from TARGET TELEPHONE #5, and the initial interception of communications to and from (224) 532-7694 (TARGET TELEPHONE #6), whose primary user was Roddrae Williams. The interception began on May 8, 2020, and terminated on May 20, 2020.

3

**Count 1**

The Defendant is a long-time drug dealer, and, during the period alleged in Count One, he conspired with Roddrae Williams and with other persons to distribute marijuana, more than 500 grams of cocaine, and more than 28 grams of crack cocaine. The Defendant and Roddrae Williams would frequently pool their money to obtain cocaine at a lower cost-per-ounce, than they could achieve by buying cocaine separately. The Defendant and Roddrae Williams would "cook" (manufacture) crack cocaine together, including doing so at the Defendant's residence. The Defendant and Roddrae Williams would refer drug customers to each other, when they were too busy to make a sale themselves. The Defendant and Roddrae Williams would discuss police surveillance, and advise each other about the location of law enforcement. Roddrae Williams would also supply the Defendant with marijuana.

For instance, on February 25, 2020, the Defendant and Roddrae Williams jointly purchased 9 ounces of cocaine.

On March 1, 2020, the Defendant and Roddrae Williams discussed jointly purchasing a half-kilogram of cocaine from co-defendant Deocda King.

On May 12, 2020, the Defendant and Roddrae Williams agreed to jointly purchase 9 ounces of cocaine, but the purchase was not consummated. On

May 13, 2020, the Defendant directed Roddrae Williams to come back and pick up his money.

On May 17, 2020, the Defendant and Roddrae Williams jointly purchased a kilogram of cocaine. The two then cooked crack cocaine together at the Defendant's apartment.

On May 20, 2020, a search warrant at the Defendant's apartment, authorized by NDFL case number 1:20mj31-GRJ, revealed two firearms, 2 clear kilogram-sized wrappers of the type used to package cocaine, a black digital scale with white powder residue on it, two forks with white residue on them, and $5300 in U.S. currency.

**Count 2**

The Defendant used multiple cellphones while committing the drug-trafficking activity described in Count 1, and the cellphones promoted said activity by making it easier for the Defendant to arrange deliveries and stay in contact with his customers and his sources of supply. Specifically, the Defendant used the following communication facilities to promote the Conspiracy charged in Count 1:

(310) 415 7835
(904) 441-2718
(352) 256-6415
(754) 399-8045

5

**Counts 5 and 6**

On April 23, 2020, the Defendant had a firearm in his vehicle when there was a shooting at a location referred to as "the Spot." In order to defend himself, the Defendant attempted to retrieve the firearm during the shooting, but forgot the key to his vehicle, forcing him to turn around and go back for the key. By the time the Defendant had gotten his firearm, the immediate danger from the shooting had passed. Following the shooting, the Defendant discussed obtaining additional firearms with co-defendant Roddrae Williams, and told Williams that he had placed an order for additional firearms (saying "I already done put my order in for them poles… That's our [expletive] problem right now Bro, we really limited on poles." A "pole" is a slang term for a firearm.)

On May 20, 2020, a search warrant at the Defendant's apartment, authorized by NDFL case number 1:20mj31-GRJ, revealed a Taurus .38 caliber revolver (which interstate nexus examination revealed was manufactured in Brazil and imported into the United States through Miami, Florida), a Ruger .357 magnum caliber revolver (manufactured in Newport, New Hampshire), Federal .38 special ammunition (manufactured in Anoka, Minnesota) and .357 magnum ammunition (manufactured in Lewiston, Idaho).

The Defendant knowingly possessed said firearm and ammunition to protect himself, including protecting himself from the risk of drug-related robberies and shootings. At the time he possessed the firearm and ammunition, the Defendant was aware that he had previously been convicted of a felony. That is:

On or about June 25, 2008, the Defendant was convicted in the State of Florida of Robbery with a deadly weapon, for which he served a term of imprisonment of 36 months in prison.

On or about February 8, 2012, the Defendant was convicted in the State of Florida of Drugs: Possession of controlled substance, for which he served a term of imprisonment of a year and a day in prison.

On or about February 6, 2020, the Defendant was convicted in the State of Florida of Possession of cocaine.

Those convictions have not been set aside, the Defendant has not received a pardon, and his right to possess a firearm has not been restored. Since the Defendant has actually served a sentence of more than 12 months incarceration, he was aware that he had been convicted of an offense punishable by more than 12 months of incarceration.

7

## ELEMENTS

### Count 1: Conspiracy to distribute controlled substances, PJI# O100
    (1)    two or more people in some way agreed to try to accomplish a shared and unlawful plan to distribute or possess with intent to distribute a controlled substance;

    (2)    the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and

    (3)    the object of the unlawful plan was to distribute or possess with the intent to distribute more than 500 grams of cocaine.

### Count 2: Unlawful use of a communication facility, PJI# O99
    (1)    the Defendant used a "communication facility";

    (2)    the Defendant used the facility while committing or helping to commit the crime charged in Count One; and

    (3)    the Defendant acted knowingly and intentionally.

### Count 5: Possession of a firearm in furtherance of a drug-trafficking offense, PJI# O35.3 and O35.4
    (1)    the Defendant committed the drug trafficking crime charged in Count 1 of the indictment; and

    (2)    the Defendant knowingly possessed a firearm in furtherance of that crime, as charged in the indictment.

    **or**

    (2)    that during and in relation to that crime the Defendant knowingly carried a firearm, as charged in the indictment.

### Count 6: Possession of a firearm by a convicted felon
    (1)    The Defendant knowingly possessed a firearm;

    (2)    At the time of the charged act, the defendant had previously been convicted of a crime punishable by imprisonment for more than one year;

    (3)    At the time of the charged act, the defendant knew that he had been convicted of such an offense; and

    (4)    The firearm had been transported in interstate or foreign commerce.

|  | LAWRENCE KEEFE<br>United States Attorney |
|---|---|
| *signature*<br>DAVID A. WILSON<br>Attorney for Defendant | *signature*<br>JAMES A. McCAIN<br>Florida Bar No. 0077536<br>Assistant United States Attorney<br>Northern District of Florida<br>111 N. Adams Street, 4th Floor<br>Tallahassee, FL 32301<br>850-942-8430<br>james.mccain2@usdoj.gov |
| 9/4/2020<br>Date | |
| *signature*<br>ELBORIC QUADARIUS ROBINSON<br>Defendant | 10/19/2020<br>Date |
| 9/4/2020<br>Date | |

9